(No. 77-CC-1802–■■■■■■

GEORGE ELLIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 13, 1979.*

GEORGE ELLIS, *pro se*, for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

HOLDERMAN, J.

This is a claim brought by Claimant, an inmate of Stateville Correctional Center, for compensatory pay for certain periods of time commencing with the month of December 1973.

This claim is brought under the provisions of section 8(a) of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.8(a)), and specifically is grounded on the provisions contained in Article 12, Correctional Employment Programs, of the Illinois Unified Code of Corrections, effective January 1, 1973. See Ill. Rev. Stat., ch. 38, pars. 1003—12—1, 1003—12—2, 1003—12—5.

Claimant works with psychiatric patients in a department of the institution called Control Segregation, formerly known as Detention Hospital. He was assigned to Detention Hospital as a medical nurse in November 1973 and has been there ever since, although all nurses are now civilians, and technically Claimant is classified as a janitor. Claimant is paid $21.00 per month, and his pay started January 1, 1976, exactly one year after the institution began paying inmate nurses in the general hospital.

Other inmates working in Detention Hospital filed grievances and were awarded retroactive pay for calendar year 1975, but Claimant filed his grievance too late, after the appropriation had lapsed.

Claimant's claim is for two time periods: Calendar year 1975 for which period his fellow employees in Detention Hospital were awarded retroactive pay; and the 13 months from December 1973 through December 1974, before the institution commenced paying inmate

nurses in either the general hospital or Detention Hospital. This latter claim is based on the fact that the statute, approved July 26, 1972, became effective January 1, 1973, and makes inmates pay mandatory for persons engaged in work assignments.

Section 3—12—5 of the Code (Ill. Rev. Stat., ch. 38, par. 1003—12—5) was amended in certain particulars not applicable to this immediate case by P.A. 80-1099, effective February 1, 1978, but the editorial comment found in Smith-Hurd Annotated Statutes following section 3—12—5 as originally enacted remains pertinent: "This Section makes compensation in some form mandatory for all persons working in the regular employment programs of the Department."

Claimant seeks pay based on the $14.00 per month paid inmate nurses in the general hospital during 1975, for a five-day week. Because Claimant worked at Detention Hospital on a "live-in" basis and was on 24-hour call seven days per week, he asks that the $14.00 per month be adjusted to reflect a seven-day work week.

This claim was not contested by Respondent, either by evidence or briefs.

An award is hereby entered in favor of Claimant in the amount of $476.40.